U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
JUN 06 2014
U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

| | |
|---|---|
| KELLY VAUGHN, ) | |
| ) | |
| PLAINTIFF ) | |
| ) | |
| v. ) | CASE NO. _____ |
| ) | |
| RADIO ONE, ) | 1:14-cv-0925 SEB -MJD |
| ) | |
| DEFENDANT ) | |

## COMPLAINT

Comes now the Plaintiff, Kelly Vaughn ("Plaintiff"), by counsel, and for her Complaint against Radio One, states as follows:

### I. INTRODUCTION

This is an action brought by Kelly Vaughn (hereinafter "Vaughn") against Radio One pursuant to Title VII of the Civil Rights act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, alleging sexual, gender and racial bias in employment. In addition, Plaintiff brings this action against Radio One under Indiana common law of negligence.

### II. PARTIES

1. At all times relevant to this litigation, Plaintiff resided within the geographical boundaries of the Southern District of Indiana.

2. At all times relevant to this litigation, Radio One corporation maintained offices and conducted business within the geographical boundaries of the Southern District of Indiana through its Radio Station WTLC, an AM station.

## III. JURISDICTION AND VENUE

3. The Court has original jurisdiction over Plaintiff's claims under the Title VII of the Civil Rights Act of 1964 pursuant to Title VII, 42 U.S.C. § 2000e *et seq*. Moreover, this Court has supplemental jurisdiction over Plaintiff's Indiana common law claims pursuant to 28 U.S.C. § 1367.

4. Plaintiff was an "employee" as that term is defined by 42 U.S.C. § 2000e(f).

5. Radio One is an "employer" as that term is defined by 42 U.S.C. § 2000e(b).

6. Plaintiff satisfied her obligations to exhaust administrative remedies by having timely filed a Charge of Discrimination with the EEOC. Plaintiff received a Dismissal and Notice of Rights and timely files this action.

7. All of the events, transaction and occurrences pertinent to this lawsuit have occurred within the geographical environs of the Southern District of Indiana, and all parties are located therein. Therefore, venue is proper in this Court pursuant to 28 U.S.C. Sec. 1391.

## VI. FACTUAL ALLEGATIONS

**Facts Relevant to Plaintiff Kelly Vaughn**

8. Vaughn was originally hired as a Radio Personality by Radio One's Indianapolis Station WTLC. Charles Williams, the Station Manager, was Vaughn's supervisor.

9. At all times relevant, Vaughn met or exceeded Radio One's legitimate expectations for performance.

10. Prior to commencing her employment with Radio One, Vaughn had conceptualized a RV and/or radio program involving two local media personalities. She began developing the Amos and Abdul TV show for Channel 40 and developed a website. She was working with Amos Brown who also was an employee of Radio One. Amos Brown was an active participant in the development of the aforementioned show. Mr. Brown represented to Vaughn that he had prior WTLC management approval to work on the show with her.

11. When the Amos and Abdul program was aired on TV, Charles Williams, the Station Manager, fired Vaughn for working on the show's development but did not fire Amos Brown.

12. While Vaughn, an African American female, was fired by Williams, Amos Brown, an African American male, was retained by the station and was not fired despite the fact that Amos Brown had made major misrepresentations to Vaughn regarding obtaining prior approval to participate in the newly-developed TV show. In fact, Amos Brown had never notified or received permission from Radio One.

13. The Station Manager, Charles Williams, rewarded Amos Brown with the project that Vaughn had developed, i.e. the Friday Amos and Abdul Show.

14. In January of 2014, Vaughn filed a Charge of Discrimination with the EEOC asserting a claim based upon race and gender in violation of Title VII of the Civil Rights Act (Charge #470-2014-00665).

15. Preferential treatment was accorded to an African American male by Radio One, by Radio One's employee and Indianapolis's radio station manager.

## V. CAUSES OF ACTION

### Count 1

16. Plaintiff incorporates paragraphs one (1) through fifteen (15) of her Complaint.

17. The claims against Radio One are derivatively based on the racial/sexual preferences evidenced by the acts of its employees. Accordingly, the Defendant is named in this Complaint as a direct Defendant on the basis of common law principals of *respondeat superior*.

18. The intentional and malicious acts and omissions of Radio One's employees/agents as described above constitute repeated violations of Title VII of the Civil Rights Act of 1964 and as amended by the Civil Rights Act of 1991, in that they created a disparity in the treatment of the Plaintiff because of her race and/or sex.

19. The acts and omissions of Radio One, which constitute and form this cause of action, all of which deemed repeated herein, were perpetrated on Plaintiff in the course of her employment with Radio One.

20. The acts of Radio One that form the basis for this cause of action were discriminatory to Plaintiff and Radio One and its agents knew or should have known that said conduct was racial/gender based.

21. That Radio One is strictly liable for the acts by Plaintiff's supervisor.

22. Radio One knew or should have known in the exercise of reasonable care, of the conduct directed at Plaintiff, and nevertheless did nothing, thereby acquiescing and condoning the unlawful conduct by its supervisor employee.

23. As a result of the above conduct, Plaintiff was caused to suffer damages that have affected the quality of her life and profession and will continue to affect the quality of her life in the future.

24. As a direct and proximate result of Radio One's negligence, Plaintiff was caused to suffer and continues to suffer damages.

## Count 2

25. Plaintiff incorporates paragraphs one (1) through twenty-four (24) of her Complaint.

26. Defendant Radio One was careless and negligent in that it failed to supervise its agents and representatives, to conduct in-service training in race and gender sensitivity issues when it knew or should have known of the Title VII and other Civil Rights violations and to take reasonable and appropriate action.

27. As a result of Defendant's negligence, Plaintiff received damages which are continuing in nature.

## REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and provide her the following relief:

28. Order Defendant to pay to Plaintiff all wages, benefits, compensation, and monetary loss suffered as a result of Defendant's unlawful actions;

26. Order Defendant to pay to Plaintiff compensatory damages;

27. Order Defendant to pay to Plaintiff consequential damages;

28. Order Defendant to pay to Plaintiff punitive damages;

29. Order Defendant to pay to Plaintiff all attorneys' fees, litigation expenses, and costs incurred as a result of bringing this action;

30. Order Defendant to pay to Plaintiff pre- and post-judgment interest on all sums recoverable;

31. Order Defendant to provide to Plaintiff all other legal and/or equitable relief to which she is entitled; and

32. Award any and all other relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Comes now the Plaintiff, Kelly Vaughn, by counsel, and demands a trial by jury on all issues so triable.

Respectfully submitted,

RAMEY & HAILEY

*Mary Beth Ramey /jm*

Mary Beth Ramey, #5876-49
Attorney for Plaintiff, Kelly Vaughn


RAMEY & HAILEY
P.O. Box 40849
Indianapolis, IN 46240
(317) 582-0000