UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KELLY VAUGHN, | ) |
| Plaintiff, | ) |
| vs. | ) No. 1:14-cv-00925-SEB-MJD |
| RADIO ONE, | ) |
| Defendant. | ) |

**ORDER ON PLAINTIFF'S MOTION TO AMEND**

This matter comes before the Court on Plaintiff's Motion for Leave to Amend Complaint. [Dkt. 31.] For the following reasons, the Court **DENIES** Plaintiff's motion.

**I.    Background**

On June 6, 2014, Kelly Vaughn ("Plaintiff") sued "Radio One" ("Defendant"), alleging violations of Title VII of the Civil Rights Act of 1964 and negligence under Indiana common law. [*See* Dkt. 1.] On July 1, 2014, Defendant filed its corporate disclosure statement. [Dkt. 6.] Defendant stated that it had been "improperly named as 'Radio One,'" and was in fact properly named as "Radio One of Indiana, L.P." [*Id.*] It also stated that Radio One of Indiana, L.P. is "a limited partnership, whose general partner is Radio One, Inc., a publicly held corporation." [*Id.*]

The Court entered a Case Management Order ("CMO") on August 26, 2014, in which the Court required all "motions for leave to amend the pleadings and/or to join additional parties" to be filed on or before November 3, 2014. [Dkt. 18 at 1.] On November 7, 2014, Plaintiff filed its current Motion for Leave to Amend Complaint, [Dkt. 31], in which Plaintiff seeks to add Radio

1

One, Inc. as a named Defendant.[1] The Court conducted a hearing on this proposed amendment on December 17, 2014.

## II. Discussion

To prevail on her motion to amend, Plaintiff must satisfy two separate standards. First, because the CMO's deadline for amending pleadings has passed, Plaintiff must satisfy Federal Rule of Procedure 16(b)(4), governing amendments to the Court's scheduling orders. Second, Plaintiff must satisfy Rule 15(a), governing amendments to pleadings. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011).

### A. Rule 16

Rule 16 provides that a "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This standard "primarily considers the diligence of the party seeking amendment." *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005). The movant must show that the deadline to amend could not have been met despite its diligence. *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995); *see also Wine & Canvas Dev. LLC v. Weisser*, No. 1:11-CV-01598-TWP, 2013 WL 5960903, at *2 (S.D. Ind. Oct. 8, 2013).

Plaintiff's proposed amended complaint in this case asserts that she was an employee of both Radio One of Indiana, L.P. and Radio One, Inc. [*See, e.g.*, Dkt. 31-1 ¶ 10.] In its response to Plaintiff's motion to amend, Defendant submitted Plaintiff's W-2 statement, indicting she was an

---

[1] Plaintiff's motion asks to 1) add "Radio One of Indiana, L.P. as a named Defendant in this cause of action;" and 2) correct a "scrivener's error which omitted 'Inc.' from the Defendant, Radio One's name." [Dkt 31 at 1.] On November 26, Plaintiff filed a Motion to Substitute Radio One of Indiana, L.P. as a Party Defendant. [Dkt. 34.] That motion asked the Court to allow Defendant to replace the original complaint's identification of "Radio One" as the Defendant with an identification of "Radio One of Indiana, L.P." as the Defendant. [*Id.* at 1.] Defendant did not object to such a substitution, [*see* Dkt. 33 at 5], and the Court accordingly granted the motion to substitute. [Dkt. 40.] Plaintiff then filed its Amended Complaint, in which it names "Radio One of Indiana, L.P." as the sole Defendant. [Dkt 42.] Thus, Plaintiff's currently pending motion to amend now seeks to add "Radio One, Inc." as a defendant.

2

employee only of Radio One of Indiana, L.P., [Dkt. 33-1 at 2], and asserted Plaintiff was not an employee of Radio One, Inc. [Dkt. 33 at 4.] At the hearing, Plaintiff conceded that the only evidence she had suggesting any relationship between Plaintiff and Radio One, Inc. was Radio One, Inc.'s position as general partner of Radio One of Indiana, L.P. [Motion to Amend Hearing, December 17, 2014, at 12:13-12:14.]

Radio One, Inc.'s position as general partner, however, was known to Defendant as early as July 1, 2014, when Defendant filed its corporate disclosure statement indicating Radio One, Inc. was the general partner of Radio One of Indiana, L.P. [Dkt. 6.] During the hearing, Plaintiff admitted that Defendant's corporate disclosure statement was the **only** information of which Plaintiff was aware regarding the relationship between Radio One of Indiana, L.P. and Radio One, Inc. [Hr'g at 12:12, 12:14.] Thus, Plaintiff was aware of the only evidence suggesting that Plaintiff was an employee of Radio One, Inc. over four months before the Court's November 3, 2014 deadline to amend her complaint. Waiting four months and allowing the deadline to amend to pass before seeking to add Radio One, Inc. as a defendant does not at all suggest diligence on Plaintiff's part, and does not establish "good cause" for amending the complaint.

Moreover, Plaintiff at the hearing asserted that the reason for missing the November 3 deadline for amendments was a calendaring error that resulted in the incorrect deadline being entered on Plaintiff's attorney's calendar.[2] [Hr'g at 12:16.] This error does not change the fact that Plaintiff had all the evidence on which it relied to file its current motion as early as July 1, 2014. Thus, if Plaintiff had been diligent and had filed its motion at any time within the four months after learning of Radio One, Inc.'s status as general partner, the alleged calendar error

---

[2] Plaintiff's motion and reply brief do not elaborate on this error. The motion contains no explanation for missing the deadline whatsoever, [*see* Dkt. 31], and the reply brief states only that the error was "tantamount to excusable neglect that resulted from a calendaring error/omission." [Dkt. 35 at 1.]

would have been inconsequential. Again, then, the Court finds that Plaintiff has not shown good cause for modifying the deadlines in the case management plan. Plaintiff's motion to amend is accordingly **DENIED**.

### B. Rule 15

Because Plaintiff has not satisfied Rule 16(b), the Court may deny her motion for that reason alone. *See Alioto*, 651 F.3d at 719. Nonetheless, the Court also addresses whether Plaintiff's amendment would satisfy the requirements of Rule 15(a).

Rule 15 directs courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). This rule, however, does not mandate that leave be granted in every case: "district courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008).

Depending on the stage of litigation, an amendment is futile if it would not survive a motion to dismiss or if it would not survive a motion for summary judgment. *Duthie v. Matria Healthcare, Inc.*, 254 F.R.D. 90, 94-95 (N.D. Ill. 2008). Surviving a motion to dismiss is the proper standard early in the case; once a motion for summary judgment is pending and briefed, however, surviving such a motion becomes the proper standard. *See id*.

Neither party in this case has yet filed a motion for summary judgment, implying that the Court should consider whether Plaintiff's amendment would survive a motion to dismiss. Defendant, however, responded to Plaintiff's motion to amend by submitting "matters outside the pleadings," Fed. R. Civ. P. 12(d), in the form of Plaintiff's W-2. [*See* Dkt. 33-1.] In such circumstances, a motion to dismiss "must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). By analogy to Rule 12(d), the Court will thus consider Plaintiff's

motion to amend futile if the proposed claim against Radio One, Inc. could not survive a motion for summary judgment—that is, if Defendant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a), on the issue of Radio One, Inc.'s liability to Plaintiff.

To prevail on her Title VII employment discrimination claim against Radio One, Inc., Plaintiff must establish an employment relationship between Plaintiff and Radio One, Inc. *See, e.g.*, *Small v. Chao*, 398 F.3d 894, 897 (7th Cir. 2005). Defendant in this case submitted evidence showing that Plaintiff was an employee only of Radio One of Indiana, L.P., [*see* Dkt. 33-1], and Plaintiff submitted no evidence in response. [*See* Dkt. 35.] Moreover, Plaintiff has cited no case law or other authority suggesting that Radio One, Inc.'s status as general partner of Plaintiff's employer—Radio One of Indiana L.P.—somehow renders Radio One, Inc. liable for Radio One of Indiana L.P.'s alleged discrimination. The Court therefore concludes that Plaintiff's amended claim again Radio One, Inc. would not, as presently asserted, survive a motion for summary judgment, such that the amendment is futile. The Court accordingly **DENIES** Plaintiff's motion for this reason as well.

### III. Conclusion

For the reasons stated above, the Court **DENIES** Plaintiffs' Motion for Leave to Amend Complaint. [Dkt. 31.]

Date: 12/18/2014

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Mary Beth Ramey
RAMEY & HAILEY
marybeth@rameyandhaileylaw.com

Richard D. Hailey
RAMEY & HAILEY
rich@rameyandhaileylaw.com

Brian P. Nally
REMINDER CO., L.P.A.
bnally@reminger.com

Andrew J. Dorman
REMINGER CO. L.P.A.
adorman@reminger.com